UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:
Charles Obie & Shantel Surles
Social Security No.:
xxx-xx-3466 and xxx-xx-5584
Address:
515 Magna Drive, Durham, NC 27703-

Case No. 09-80794- -
Chapter 13

Debtors

**DEBTOR'S BRIEF REGARDING**
**FEDERAL PREEMPTION OF N.C.G.S. § 45-91**

As the principle of "federal preemption" is intended to prevent a patchwork of state laws and regulation from interfering with the efficient operation of nationally chartered banks, it ironic that the regulation of these nationally chartered banks is itself a patchwork of various federal laws and regulations.

In the instant case, counsel for BAC Home Loans, L.P., f/k/a Countrywide has asserted that the regulations from the Office of the Comptroller of the Currency ("OCC") found at 12 C.F.R. § 7.4000 *et al.* preempt the requirement of notice of fees found at N.C.G.S. § 45-91. This does not, however, appear to be an applicable regulation as the Deed of Trust and Note take a security interest in the Debtor's real property and this regulation is limited to "loans that are not secured by liens on, or interests in, real estate...." 12 C.F.R. § 7.4008. As the various federal statutes and regulations have different terms and restrictions on if and when state laws are preempted, absent a specific citation as to the applicable statute, this assertion should be denied.

Further, there has been no showing that the mortgage servicer on whose behalf this Proof of Claim has been filed, *viz.* BAC Home Loans, L.P., f/k/a Countrywide, is a nationally chartered bank. A search at the Federal Financial Institutions Examination Council ("FFIEC")website[1], which is the consolidated source for determining which, if any, federal agency regulates banks, does not indicate that either BAC Home Loans, L.P., or its predecessor Countrywide, the two corporate names listed on the Proof of Claim, are federally chartered banks. Absent a showing that these servicers are either national banks themselves or subsidiaries of a national bank, the assertion that N.C.G.S. § 45-91 is preempted should be disregarded.

Even if the mortgage servicer is a national bank (or subsidiary of one), it does not necessarily follow that this loan falls within the ambit of the National Bank Act or other federal statute, as this loan originated with, as indicated on the Deed of Trust and Note, "Security Atlantic Mortgage Company". Again the FFIEC website does not indicated that Security Atlantic Mortgage Company

---

[1] www.ffiec.gov/consumercenter

is a federally chartered bank and absent a showing that it was, it would be improper for BAC Home Loans Servicing, L.P., to have as a mortgage servicer less obligations that the original parties to the contract. While admittedly, it is unlikely that the Debtor and Security Atlantic Mortgage Company explicitly negotiated the terms of this mortgage with any specific North Carolina consumer protections in mind (especially since N.C.G.S. § 45-91 had not been enacted), the general legal framework, whether federal or North Carolina, was assumed. To allow federal preemption would in affect allow state protections to be erased even when originally applicable through a unilateral assignment of a mortgage to a mortgage servicer owned by a federal bank.

Additionally, while the National Bank Act and supporting federal regulations allow federally chartered banks to "make, arrange, purchase or sell loans or extensions of credit secured by real estate..." 12 U.S.C. § 371(a), such act does not included authorization for "servicing" mortgages as defined by 12 U.S.C. § 2605(i)(3). Accordingly such federal statutes and regulations should not preempt state statutes, such as N.C.G.S. § 45-91, regarding such mortgage "servicing" as the stated purpose of such regulations 'is to set forth standards for real estate-related **lending and associated activities** by national banks." 12 C.F.R. § 34.1. (Emphasis added.)

Even if some federal statutes or regulations apply to this mortgage, federal preemption only provides that a state cannot "forbid, or ... impair significantly, the exercise of a power Congress has explicitly granted." *Barnett Bank v. Nelson*, 517 U.S. 25 (1996). The requirement of N.C.G.S. § 45-91 that a mortgage servicer provide notice of fees assessed, cannot be said to "impair significantly" the power of a federal bank, as this statute only requires notice of such fees and does not contain any restriction on such fees. The Deed of Trust and Note both require that any attorneys' fees be "reasonable." Implicit within the term "reasonable" is that the homeowner should be made aware of such fees and have the opportunity to review and, if appropriate, object to such fees. To that extent N.C.G.S. § 45-91 merely requires notice to the homeowner.[2] It is worth further noting that while such attorney fee was disclosed in the Proof of Claim, there is no requirement that the Proof of Claim be sent to either the Debtor or Debtor's counsel.[3]

Applicable federal statutes and the regulations promulgated by the OCC and other federal agencies are not unlimited preemptions of state laws, and contain several exceptions[4], including for state laws relating to contracts, rights to collect debts, and, as there is no federal procedure, it should be inferred foreclosure. N.C.G.S. § 45-91 is a statute specifically designated by the title of its Article as relating only to "Mortgage Debt Collecting and Servicing" and should be considered incidental any federal regulations.

---

[2] As N.C.G.S. § 45-91 requires that such notice be sent to the homeowner and not a State agency, the "visitation" powers of the OCC or other applicable federal agency are not impugned.

[3] The lack of a requirement that secured claims be sent to Debtors and Debtors' Counsel should be remedied by a local rule requiring such service.

[4] Again depending on the applicable statute and regulation.

Failure to comply with the notice requirements result in such fees being waived pursuant to 45-91 (3). Outside of the context of a bankruptcy case, it is unclear whether such a waiver would be preempted as a "significant impairment" of a national bank's powers. Such a preemption would, however, only eliminate the waiver of the fees, not the notice requirement. Such a requirement would be rendered toothless. Coupled with the bankruptcy court's power under 11 U.S.C. § 105(a), which is itself not preempted by other federal laws or regulations, the court could nonetheless hold that the failure to comply with N.C.G.S. § 45-91 constitutes a waiver of such fees.

For the reasons stated above, the Debtor contends that, as there has not been a showing that either "BAC Homes Loans Servicing, L.P." or its predecessor, "Countrywide" are (or were) national banks (or subsidiaries of one), federal preemption does not apply. Further, even if such a showing is made, the originator of this loan, Security Atlantic Mortgage Company, does not appear to be national bank and BAC Home Loans Servicing, L.P., should not have lesser obligations than the originator as a servicer. Lastly, N.C.G.S. § 45-91 does not "impair significantly" any powers a national bank may have, as it merely requires notice of the assessment of fees.

This the 19th day of October, 2009.

/s Edward C. Boltz
Edward C. Boltz
Attorney for the Debtors
North Carolina State Bar No.: 23003
1738-D Hillandale Rd.
Durham NC 27705
(919) 286-1695
eboltz@johnorcutt.com

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:

Charles Obie & Shantel Surles

Social Security No.:
xxx-xx-3466 and xxx-xx-5584

Address:
515 Magna Drive, Durham, NC 27703-

Case No. 09-80794- -
Chapter 13

Debtors

I, Edward C. Boltz , of the Law Offices of John T. Orcutt, P.C., certify under penalty of perjury, that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age, and that on the October 19, 2009, I served copies of the **DEBTOR'S BRIEF REGARDING FEDERAL PREEMPTION OF N.C.G.S. § 45-91** electronically, or when unavailable by regular postage-paid U.S. mail, upon the following parties:

Sean Corcoran

Richard M. Hutson, II

This the 19th day of October, 2009.

/s Edward C. Boltz
Edward C. Boltz

## FFIEC FEDERAL FINANCIAL INSTITUTIONS EXAMINATION COUNCIL
*Promoting uniformity and consistency in the supervision of financial institutions*

FFIEC Main　　Site Index　　Disclaimer　　Privacy Policy　　PDF Help

### FFIEC's Consumer Help Center

**Welcome to the FFIEC's Consumer Help Center. The Consumer Help Center** directs consumers with complaints and questions about their bank or financial institution to the appropriate federal bank regulatory agency that can help them with their concerns.

If your complaint or inquiry is in reference to a credit union, please visit the National Credit Union Administration's consumer complaint page.

**Search Instructions:**

**Step 1.** Enter the name of your bank or financial institution in the field provided below.

**Step 2.** Find your bank's name. Once you have entered the bank's name, you will be taken to your specific bank's name or to a list of banks that have similar names. If you are taken to a list of banks with similar names, scroll down to your specific bank's name.

**Step 3.** Next to the bank name, you will find the name of the appropriate bank regulatory agency that can help you.

**Step 4.** Click on the regulator's name located next to the bank's name and you will be taken to the website for that regulator where you may file a complaint and ask a question about your bank.

**Helpful Hints:** If you don't know the name of your bank, check your bank or credit card statement. The bank's name will be indicated on the statement. If you click on the search button without entering a bank's or financial institution's name, an alphabetical listing of banks will be generated which also provides the name of the appropriate regulator.

**Enter the bank name or institution below:**

[ BAC Home Loans Servicing, L.P. ]　[ Search ]

Name not found. Check your spelling or call any of the federal bank regulators noted below.

**Can't find your bank's name or have a banking question? Contact any of the federal bank regulators noted below:**

Office of the Comptroller of the Currency at (800) 613-6743
Federal Reserve Board at (888) 851-1920
Federal Deposit Insurance Corporation at (877) 275-3342
Office of Thrift Supervision at ( 800) 842-6929

Maintained by the **FFIEC**. For suggestions regarding this site, **Contact Us**.
Last Modified: 12/01/2008 10:00 AM

Case 09-80794　　Doc 25　　Filed 10/19/09　　Page 5 of 7

**FEDERAL FINANCIAL INSTITUTIONS EXAMINATION COUNCIL**
*Promoting uniformity and consistency in the supervision of financial institutions*

FFIEC Main    Site Index    Disclaimer    Privacy Policy    PDF Help

### FFIEC's Consumer Help Center

**Welcome to the FFIEC's Consumer Help Center. The Consumer Help Center** directs consumers with complaints and questions about their bank or financial institution to the appropriate federal bank regulatory agency that can help them with their concerns.

If your complaint or inquiry is in reference to a credit union, please visit the National Credit Union Administration's consumer complaint page.

**Search Instructions:**

**Step 1.** Enter the name of your bank or financial institution in the field provided below.

**Step 2.** Find your bank's name. Once you have entered the bank's name, you will be taken to your specific bank's name or to a list of banks that have similar names. If you are taken to a list of banks with similar names, scroll down to your specific bank's name.

**Step 3.** Next to the bank name, you will find the name of the appropriate bank regulatory agency that can help you.

**Step 4.** Click on the regulator's name located next to the bank's name and you will be taken to the website for that regulator where you may file a complaint and ask a question about your bank.

**Helpful Hints:** If you don't know the name of your bank, check your bank or credit card statement. The bank's name will be indicated on the statement. If you click on the search button without entering a bank's or financial institution's name, an alphabetical listing of banks will be generated which also provides the name of the appropriate regulator.

**Enter the bank name or institution below:**

[ Countrywide Home Loans Servici ]    [ Search ]

**Name not found. Check your spelling or call any of the federal bank regulators noted below.**

**Can't find your bank's name or have a banking question? Contact any of the federal bank regulators noted below:**

Office of the Comptroller of the Currency at (800) 613-6743
Federal Reserve Board at (888) 851-1920
Federal Deposit Insurance Corporation at (877) 275-3342
Office of Thrift Supervision at ( 800) 842-6929

Maintained by the **FFIEC**. For suggestions regarding this site, **Contact Us**.
Last Modified: 12/01/2008 10:00 AM

**FFIEC** FEDERAL FINANCIAL INSTITUTIONS EXAMINATION COUNCIL
*Promoting uniformity and consistency in the supervision of financial institutions*

FFIEC Main    Site Index    Disclaimer    Privacy Policy    PDF Help

### FFIEC's Consumer Help Center

**Welcome to the FFIEC's Consumer Help Center. The Consumer Help Center** directs consumers with complaints and questions about their bank or financial institution to the appropriate federal bank regulatory agency that can help them with their concerns.

If your complaint or inquiry is in reference to a credit union, please visit the National Credit Union Administration's consumer complaint page.

**Search Instructions:**

**Step 1.** Enter the name of your bank or financial institution in the field provided below.

**Step 2.** Find your bank's name. Once you have entered the bank's name, you will be taken to your specific bank's name or to a list of banks that have similar names. If you are taken to a list of banks with similar names, scroll down to your specific bank's name.

**Step 3.** Next to the bank name, you will find the name of the appropriate bank regulatory agency that can help you.

**Step 4.** Click on the regulator's name located next to the bank's name and you will be taken to the website for that regulator where you may file a complaint and ask a question about your bank.

**Helpful Hints:** If you don't know the name of your bank, check your bank or credit card statement. The bank's name will be indicated on the statement. If you click on the search button without entering a bank's or financial institution's name, an alphabetical listing of banks will be generated which also provides the name of the appropriate regulator.

**Enter the bank name or institution below:**

[ Security Atlantic Mortgage Co. ]    [ Search ]

**Name not found. Check your spelling or call any of the federal bank regulators noted below.**

**Can't find your bank's name or have a banking question? Contact any of the federal bank regulators noted below:**

Office of the Comptroller of the Currency at (800) 613-6743
Federal Reserve Board at (888) 851-1920
Federal Deposit Insurance Corporation at (877) 275-3342
Office of Thrift Supervision at ( 800) 842-6929

Maintained by the **FFIEC**. For suggestions regarding this site, **Contact Us**.
Last Modified: 12/01/2008 10:00 AM

Case 09-80794    Doc 25    Filed 10/19/09    Page 7 of 7