```
UNITED STATES BANKRUPTCY COURT
   MIDDLE DISTRICT OF NORTH CAROLINA
           DURHAM DIVISION
```

IN RE: )
)
Charles LeRay Obie and )
Shantel Tishon Surles, ) Case No. 09-80794C-13D
)
Debtors. )
)

## MEMORANDUM OPINION

This chapter 13 case came before the court on October 8, 2009, for hearing on the Debtors' objection to the proof of claim filed on behalf of BAC Home Loans Servicing, L.P ("BAC"). Edward C. Boltz appeared on behalf of the Debtors and Sean M. Corcoran appeared on behalf of BAC. Having considered the proof of claim, the objection, the record before the court and the arguments by the attorneys for the parties, the court makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52 of the Federal Rules of Civil Procedure.

## JURISDICTION

The court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B) which this court may hear and determine.

FACTS

The Debtors own and reside in a dwelling that is subject to a deed of trust that secures a promissory note held by BAC. The promissory note is payable in monthly installments. This chapter 13 case was filed after the Debtors defaulted in making the payments required under the promissory note. A plan of reorganization was confirmed in this case on August 17, 2009. Under the confirmation order, the Debtors retain their residence and BAC is to receive the regular monthly payment plus an additional $190.00 per month until the arrearage under the BAC note has been cured.

BAC filed its proof of claim on June 16, 2009. The proof of claim includes a claim for arrearage of $9,800.75. The proof of claim clearly reflects that the arrearage includes $175.00 for legal services rendered during the period between the filing of the petition and the confirmation of Debtors' plan of reorganization. On July 14, 2009, the Debtors filed an objection to the BAC proof of claim objecting to the inclusion of the attorneys' fee in the claim.

DISCUSSION

The Debtors first argue that BAC may not claim an attorneys' fee without filing a separate fee application and obtaining an order allowing the fee. In dealing with this argument, the court will begin by reviewing the context in which the issue raised by

the Debtors arises, i.e., in a case in which a chapter 13 debtor is seeking to cure a mortgage arrearage and the secured creditor is seeking to include in the cure amount an attorneys' fee incurred by the creditor during the period between the petition date and the date of confirmation. While the decisions regarding this issue are divided[1], this court concludes that in the context presented by this case, a creditor should be permitted to assert its claim for post-petition/pre-confirmation attorneys' fees by including such fees in its proof of claim provided that the proof of claim discloses the inclusion of such attorneys' fees in a manner that discloses the amount of the attorneys' fee included in the claim as a separate item, identifies such fee as a post-petition/pre-confirmation fee and provides a description of the services provided by the attorney, and a copy of the proof of claim is served on the debtor's attorney. When the attorneys' fee is included in a proof of claim in this manner, the debtor or any other party with standing may object to the allowance of the attorneys' fee, in which event any issues raised regarding the fee can be addressed by the court. Absent an objection, however, the claim will be deemed allowed. 11 U.S.C. § 502(a). This procedure, of course, is not exclusive and creditors may seek attorneys' fees

---

[1] See, e.g., In re Atwood, 293 B.R. 227, 231-32 (9th Cir. B.A.P. 2003); In re Powe, 281 B.R. 336, 345-48 (Bankr. S.D. Ala. 2001)(attorney fee in proof of claim approved); In re Gifford, 256 B.R. 661, 662 (Bankr. D. Conn. 2000); In re Tate, 253 B.R. 653, 664-66 (Bankr. W.D.N.C. 2000)(contra).

- 3 -

by filing an application pursuant to Rule 2016 if they choose to do so.

Without conceding that the BAC loan documents provide for the recovery of attorneys' fees, the Debtors argue that even if such fees are provided for in the loan documents, BAC nonetheless is not entitled to recover such fees in this case because BAC is not oversecured. According to the Debtors, unless BAC is oversecured it cannot include the attorneys' fee in its arrearage claim. This argument is based upon the premise that section 506(b) of the Bankruptcy Code is determinative of whether an attorneys' fee may be recovered by BAC. This premise fails to take into account section 1322(e) of the Bankruptcy Code which is applicable in this case because under their plan, the Debtors are curing a pre-petition default that occurred with respect to the BAC indebtedness.[2]

Section 1322(e) provides:

> Notwithstanding subsection (b)(2) of this section and sections 506(b) and 1325(a)(5) of this title, if it is proposed in a plan to cure a default, the amount necessary to cure the default, shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law.

Most courts have interpreted section 1322(e) as displacing

---

[2] Section 1322(e) is applicable to contracts entered after October 22, 1994, the effective date of section 1322(e). The BAC note and deed of trust are dated February 15, 2008, and thus are subject to section 1322(e).

- 4 -

section 506(b), and have concluded that when it is proposed in a chapter 13 plan to cure a default, section 1322(e) permits the recovery of post-petition fees, costs and interest to the extent provided by the contract between the parties and permitted by state law without regard to whether the creditor is oversecured. E.g., In re Plant, 288 B.R. 635 (Bankr. D. Mass. 2003); In re Taylor, No. 02-10695, 2003 WL 22282173 (Bankr. D. Vt. Oct. 1, 2003); In re Landrum, 267 B.R. 577 (Bankr. S.D. Ohio 2001); In re Lake, 245 B.R. 282 (Bankr. N.D. Ohio 2001). See also 2 Keith M. Lundin, Chapter 13 Bankruptcy, § 137.1, p. 137-2 and § 304.1, p. 304-17 (rev. 3d ed. 2007)(stating in § 137.1 that "Section 1322(e) permits undersecured creditors to claim postpetition fees, costs and interest to the extent provided by contract and not prohibited by state law when the contract hatched after October 22, 1994" and stating in § 304.1 "Notice that § 1322(e) controls attorney fees as a component of curing default with respect to all kinds of claims—oversecured, secured, undersecured or wholly unsecured"). Thus, BAC's claim for the post-petition/pre-confirmation fees is not dependent upon BAC being oversecured.

While BAC's claim for an attorneys' fee is not dependent upon the claim being oversecured, it is dependent upon the fee being recoverable under state law. The mandate under section 1322(e) is that the cure amount be determined "in accordance with the underlying agreement and applicable nonbankruptcy law." The

- 5 -

Case 09-80794    Doc 28    Filed 11/24/09    Page 5 of 10

applicable nonbankruptcy law in the context of this case is state law. See Smiriglio v. Hudson United Bank, 98 Fed. Appx. 914, 916 (3d Cir. 2004); In re Tudor, 342 B.R. 540, 566 (Bankr. S.D. Ohio 2005); In re Taylor, No. 02-10695, 2003 WL 22282173, at *7 (Bankr. D. Vt. Oct. 1, 2003). Since state law is controlling in determining the amount required in order to cure under section 1322(e), if applicable state law precludes the recovery of an attorneys' fee, then an attorneys' fee may not be included in the cure amount. See In re Hatala, 295 B.R. 62, 69 (Bankr. D.N.J. 2003); In re Shaffer, 287 B.R. 898, 900-01 (Bankr. S.D. Ohio 2002).

In arguing that North Carolina law precludes the recovery of an attorneys' fee in this case, the Debtors rely upon N.C. Gen. Stat. § 45-91. Section 45-91 imposes requirements that must be met by a servicer of a home loan in assessing any fee against the borrower under such a loan. Under subsection (1) of section 45-91, any fee that is incurred by a servicer must be both (a) assessed within 45 days of the date on which the fee was incurred and (b) explained clearly and conspicuously in a statement mailed to the borrower at the borrower's last known address within 30 days after assessing the fee. N.C. Gen. Stat. § 45-91(1).

In defining a "servicer", N.C. Gen. Stat. § 45-90(2) incorporates the definition contained in 12 U.S.C. § 2605(I), which defines a servicer as "the person responsible for servicing of a

Case 09-80794   Doc 28   Filed 11/24/09   Page 6 of 10

loan (including the person who makes or holds a loan if such person also services the loan)." It is undisputed that BAC is servicing the Debtors' loan and therefore falls within this definition. A "home loan" is defined in N.C. Gen. Stat. § 45-90(1) as a "loan secured by real property located in this State used, or intended to be used, by an individual borrower or individual borrowers in this State as a dwelling, regardless of whether the loan is used to purchase the property or refinance the prior purchase of the property or whether the proceeds of the loan are used for personal, family, or business purposes." It likewise is undisputed that the property subject to the BAC deed of trust is used by the Debtors as their residence and is located in North Carolina, as are the Debtors. Debtors' loan therefore is a "home loan" for purposes of section 45-91. Thus, BAC is subject to the requirements imposed under N.C. Gen. Stat. § 45-91(1).

As noted earlier, one of the requirements under section 45-91(1) is that the servicer mail a statement to the borrower within 30 days after a fee is assessed explaining the fee in a clear and conspicuous manner. This statement is required to be sent "regardless of whether the loan is considered in default or the borrower is in bankruptcy or the borrower has been in bankruptcy . . . ." N.C. Gen. Stat. § 45-91. It is conceded that no such statement was mailed to the Debtors in this case. The Debtors argue that BAC therefore is not entitled to include the

- 7 -

attorneys' fee as part of its claim against the Debtors. The Debtors base their argument upon N.C. Gen. Stat. § 45-91(3), which provides:

> Failure to charge the fee or provide the information within the allowable time and in the manner required under subdivision (1) of subsection (a) [sic][3] of this section constitutes a waiver of such fee.

This provision fully supports the Debtors' objection to the attorneys' fee claimed by BAC. Pursuant to section 45-91(3), the failure of BAC to provide the statement described in section 45-91(1) "constitutes a waiver of such fee." Waiver of a right results in a loss of the right to insist upon performance by the other party. See Winder v. Martin, 111 S.E. 708 (N.C. 1922); Ball v. Maynard, 645 S.E.2d 890 (N.C. App. 2007); Medearis v. Trustees of Meyers Park Baptist Church, 558 S.E.2d 199 (N.C. App. 2001). Thus, the waiver implemented by section 45-91(3) means that BAC may not charge the Debtors with the attorneys' fee sought by BAC and that the fee may not be included in BAC's claim. Accordingly, the Debtors' objection to the attorneys' fee shall be sustained and the attorneys' fee disallowed as a part of BAC's claim in this case. The same applies to the $15.00 inspection fee that was included in the claim and for which no statement was mailed to the Debtors.[4]

---

[3]The reference should be to subdivision (a) of subsection (1) based upon the format of section 45-91.

[4]Although mentioned during oral argument, the issue of federal preemption has not been addressed because that issue was not raised

- 8 -

In accordance with the foregoing findings and conclusions, an order shall be entered pursuant to Rule 9021 of the Federal Rules of Bankruptcy Procedure sustaining the Debtors' objection to the attorneys' fee and inspection fee sought by BAC.

This 24th day of November, 2009.

*William L. Stocks*
WILLIAM L. STOCKS
United States Bankruptcy Judge

---

in BAC's response to Debtors' objection nor supported by a brief or memorandum of law after BAC was given an opportunity to do so following the hearing.

- 9 -

PARTIES IN INTEREST

Charles L. Obie, Jr.
Shantel T. Surles
515 Magna Drive
Durham, NC 27703

Edward C. Boltz, Esq.
6616-203 Six Forks Road
Raleigh, NC 27615

Sean M. Corcoran, Esq.
5121 Parkway Plaza Drive, Suite 300
Charlotte, NC 28217

Richard M. Hutson, Trustee